UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 NOV 14 A 9:46

Clarence A. Lindsey
    Petitioner,  )
                   )
v.                 )
                   )
Scott Middlebrooks (Warden) )
    Respondent,   /

2:05cv1087-T

2241 Writ of Habeas Corpus

I. Introduction

    Now comes, Petitioner Clarence Lindsey, who is currently incarcerated at Montgomery Federal Prison Camp, Montgomery Alabama, to file a petition for Writ of Habeas Corpus pursuant to 28 U.S.C.§2241. Petitioner files this writ <u>pro se</u>, and requests the court's acknowledgment of this fact in holding him to less stringent standards than formal pleadings drafted by lawyers. <u>Byrd v. Stewart</u>, 811 F.2d 554,555 (11th Cir. 1987); <u>Fernandez v. U.S.</u>, 941 F.2d 1488, 1491(11th Cir. 1991).

    Petitioner Lindsey challenges the Bureau of Prisons (BOP) refusal to allow him a one year sentence reduction under the provisions of 18 U.S.C. §3621(e)(2)(B) after his successful completion of the BOP Residential Drug Awareness Program (RDAP).

Jurisdiction

    The court has jurisdiction to hear Lindsey's petition, Section 2241 provides an avenue of relief for inmates who contend violations of federal law which make the place, condition, or duration of confinement illegal by way of a petition for writ of habeas corpus. <u>Preiser v. Rodrigues</u>, 411 U.S. 475, 499 (1973); <u>Abella v. Rubino</u>, 63 F.3d 1063,1066 (11th Cir. 1995)

Exhaustion of Administrative Remedies

    Petitioner has filed and received response to all administrative Remedies (BP8½ to BP11) as required by this Circuit. See Exhibit A
Although, Petitioner was diligent to sight all issues and demonstrate to the BOP how Supreme Court case Lopez v. Davis is not applicable to the issue at hand, it necessary to address the courts with this issue.

Statement of Facts

Petitioner Lindsey plead guilty to a revised "count 18"- Possession with intent to distribute 500 grams or more of cocaine. At sentencing, on March 21, 1992, the court enhanced Lindsey two points for possession of a firearm under the preponderance of evidence standard.

Lindsey was neither indicted, nor did he plead guilty to possession of a firearm but was enhanced according to the court's standard of that time.

On March 16, 2005, Petitioner Lindsey was interviewed by Drug Treatment Specialist Mrs. C. Ware and informed he would not be eligible for a reduction of sentence of up to one year according to 18 U.S.C. § 3621(e) because petitioner was enhanced for a firearm (see Exhibit B).

Petitioner seeking to have 3621(e) privilages reinstated began the administrative remedy process in May 2005 and completed the process Oct 13, 2005. On September 28, 2005, Harrell Watts, Administrator of National Inmate Appeals (Washington DC office) denied petitioner's request to reinstate (3621) eligibility privilages of up to one year sentence reduction upon completion of RDAP.

This denial of eligibility by the administrative remedy process fails to address the essence of both of the petitioners valid claims:

1) 28 C.F.R.§550.58(a)(i)(vi)(B) and interpretive policy statements 5162.04 and 5330.10 chapter 6, are invalid because they were not implimented according to the Administrative Procedure Act and should not be used to deny petitioner's 3621 eligibility.

2) The United States Supreme Court declared the enhancement provision of U.S.S.G. (18 U.S.C. §3553(b)) as an unconstit-utional provision of law, thus the B.O.P. cannot rely on an enhancement imposed under a now declared unconstitutional provision of law to deny me a liberty interest. U.S. v. Booker, 543 U.S. 125 S. ct 738(2005).

Scope of Petition

In the following petition, Lindsey will demonstrate to this court two relevant arguements as to why the B.O.P. cannot legally deny his right to 18 U.S.C. eligibility (allowing up to 1 year reduction of sentence)

Constitutional Rights Violation

When the B.O.P. denied petitioner Lindsey 3621(e) eligibility (of up to 1 year reduction of sentence) upon successful completion of the Residential Drug Awareness Program (RDAP) they relied upon a sentencing enhancement found in 18 U.S.C. §3553(b) (e.g. enhancement provision) United States Sentencing Guidelines (U.S.S.G.). However, the enhancement section of the Sentencing guidelines was declared unconstitutional by the United States Supreme Court in U.S. v. Booker 425, U.S. 125, No. 04-105 (Jan. 12, 2005).

Consequently, because petitioner has a liberty interest in the one year sentence reduction and that liberty interest is being violated by the B.O.P. by applying an unconstitutional provision of law then, the petitioner's continued incarceration violates the United States Constitution and the federal laws which prohibit the application of unconstitutional provision of law.

Argument and Memorandum of Law

The petitioner does not despute that the B.O.P. has a permissible exercise of discretion by the Director under 18 U.S.C. § 3621(e)(2)(B). However, petitioner does vigorously contend, when an agency's determination based on unconstitutional provision/s of law is used it constitutes an "abuse of discretion".

On Jan. 12, 2005 the United States Supreme Court consolidated two cases in order to better clarify their ruling in Blakely v. Washington, 124 S.ct. 2531 (2004). See United States v. Booker, No. 04-104(2005) and United States v. Fanfan, No. 04-105(2005).

The question presented to the court in Booker, supra, and Fanfan, supra, was whether an application of Federal Sentencing Guidelines violate the six amendment to the United States Constitution. See Booker, "The first question that the government has presented in these causes is the following;'Whether the sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing guidelines based on the sentencing judges determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant." Id. at Pet. for Cert. in No. 04-104, p.I.

The court, in an opinion by Justice Stevens, answered the question in the affirmative. Applying its decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, supra, to the federal sentencing guidelines, the Court held that, in the circumstances mentioned, the Sixth Amendment requires juries, not judges, to find facts relevant to sentencing. Id. at 1-2, 20 (Stevens, J., opinion of Court.)

In the case at bar, Petitioner Lindsey entered a plea of guilty to "Possession of 500 grams or more of cocaine" and by mandate of the constitution, may only be held accountable for those acts which he pled guilty to. The fact that petitioner did not plead guilty or admit to any type of gun possession, and in fact vigorously argued against such at sentencing and on Appeal, precludes the court and the B.O.P. from using this sentencing enhancement to deprive the petitioner of his liberty interest of 3621 eligibility (up to a year reduction of sentence upon completion of RDAP.

Petitioner's sentencing enhancement was administered pursuant to 18 U.S.C. § 3553(b)(i), a provision of law that has been declared unconstitutional by the U.S. Supreme court in Booker, supra, and Fanfan, supra. Equally significant and relevant to the matter at hand, is the fact, Lindsey was not even charged in the indictment with any type of gun possession.

The instant case presents a violation of petitioner's Sixth Amendment rights because at the time, the B.O.P. is mandated by it's C.F.R. and Policy Statements to consider information which is now declared unconstitutional and supersedes what petitioner was indicted for and admitted to (by way of plea of guilt), in order to deny his liberty.

B.O.P.'s C.F.R. and Policy Invalid, Argument and Memorandum of Law

In 1994, Congress passed the Violent Crime and Control Act of 1994("ACT"). Part of the Act directed the B.O.P. to make appropriate substance abuse treatment available for each prisoner the Bureau determines has a treatable condition of substance abuse or addiction. 18 U.S.C. §3621(b). As an incentive to get inmates to participate in these programs, Congress provided that:

> [t]he period a prisoner convicted of a nonviolent offense remains after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve. 18 U.S.C.§3621(e)(2)(B).

On October 9, 1997, the Bureau of Prisons (B.O.P) adopted a revised 28 C.F.R.§550.58. The revised regulation abandoned its earlier incorporation of the crime-of-violence definition in 18 U.S.C.§924(c)(3) and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program. 28 C.F.R.§550.58(a)(1)(vi)(B) indicates that inmates whose current offense was a felony which involved "the carrying, possession, or use of a firearm or other dangerous weapons or explosives" were not eligible for early release under §3621(e)(2)(B). 28 C,F.R.§550.58 was made immediately effective on October 9, 1997, although it was not published in the Federal

Register until October 15, 1997.

To aid B.O.P. staff in understanding and implementing these amendments to Section 550.58, the B.O.P. issued Program Statement 5162.04, "Categorization of Offenses" and Program Statement 5330.10 chapter 6, both effective October 9, 1997. Section 2 of P.S. 5162.04 provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Section 7 of P.S. 5162.04 further provides that B.O.P. staff must look at sentence enhancement factors, such as possession of a firearm, which would subject a defendant to sentence enhancement under §2D1.1 and §2D1.11 of the Federal Sentencing Guidelines.

Petitioner argues that because he was convicted of 18 U.S.C.§841(a)(1), which is a nonviolent offense, the B.O.P. abused it's statutory discretion in basing their decision to exclude the Petitioner from early release because of a now declared, unconstitutional two-point sentence enhancement that he recieved at sentencing, being accused of constructively possessing a firearm. Petitioner's assertion is validated by the claim P.S.5162.04 and 5330.10, which was relied upon by the B.O.P. to deny him eligibility for early release, is invalid and therefore may not be used to deny him eligibility for a reduction of sentence, by way of 18 U.S.C.§3621(e). Finally, Petitioner claims that the B.O.P.'s decision to exclude him from early release violated his rights to due process and equal protection.

U. S. Supreme Court Decision Does Not Consider APA Violation

The United States Supreme Court has held that under §3621(e)(2)(B), the Bureau of Prisons has the discretion to promulgate 28 C.F.R.§550.58 and categor -ically deny early release to prisoners whose current offense was a felony attended by the carrying, possession, or use of a firearm. Lopez v. Davis, 531 U.S. 230, 238-43(2001). However, the Supreme Court in Lopez declined to address the issue of whether the B.O.P. violated the notice and comment provisions of the Administrative Procedures Act (APA) when it published the 1997 regulation because the issue was not raised in the lower courts or presented in the petition for certiorari. Lopez v. Davis, 531 U.S. 244, n.6.

APA Violation Discussion

In Bohner v. Daniels, 243 F. Supp. 2d 1171 (D. Or. 2003), the federal district Court held that the B.O.P.' Program Statement 5162.04 was not promulgated in compliance with the notice and comment procedures of 5 U.S.C.§553 of the Administrative Procedure Act (APA), and the rule that the P.S. purported to

interpret, namely 28 C.F.R.550.58, was likewise invalid, because it too, had not been issued in compliance with the Administrative Procedure Act. Id. at 1174-79.

In so ruling, the Court in Bohner noted that Section 553(b) of the Administrative Procedure Act requires that "[g]eneral notice of proposed rulemaking shall be published in the Federal Register." Bohner, 243 F. Supp. 2d at 1175 (citing 5 U.S.C.§553(b)). Section 553(d) of the Administrative Procedure Act requires publication of the rules not less than thirty days prior to their effective date, but provides a good cause exception in subsection (d)(3). "[B]efore that exception becomes relevant, however, the agency must first justify abandoning the requirement of prior notice and comment pursuant to subsection (b)(B)." Bohner, 243 F. Supp. 2d at 1175 (citing Western Oil and Gas Ass'n v. United States Envtl. Prot. Agency, 633 F. 2d 803, 811-12 (9th Cir. 1980).

The court in Bohner found that the B.O.P. had violated both Sections 553(b) and (d) of the APA in promulgating 28 C.F.R.§550,58, because the B.O.P. published nothing about this interim rule in the Federal Register until October 15, 1997, even though the effective date of the regulation was October 9, 1997. Bohner v. Daniels, 243 F. Supp. 2d at 1175. The court further found that none of the statutory exceptions to Section 553(b) applied. 5 U.S.C.§553(b)(3) indicates that the notice and comments requirements of Section 553(b) do not apply:

A) To interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice; or

B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefore in the rules issued) that notice and public procedure thereon are impractical, unnecessary, or contrary to the public interest."

The court in Bohner noted that the exception found in subsection (a) did not apply because the B.O.P.'s 1997 rule was not an interpretive rule or a general statement of policy. Bohner, 243 F. Supp. 2d at 1176 (citing Gunderson v. Hood, 268 F.3d 1149, 1154 (9th Cir. 2001); Grier v. Hood, 46 Fed. Appx. 433, 440 (9th Cir. 2002)). The court likewise found that the "good cause exception" contained in Section 553(b)(3)(B) did not apply. because nowhere in it's notice in the Federal Register did it explain that it was invoking the good cause exception, nor did it explain why the notice and comment procedure was impractical,

unnecessary, or contrary to the public interest. Bohner, 243 F. Supp. 2d at 1176 (citing to 62 Fed. Reg. 536900 (Oct. 15, 1997)). Because the B.O.P. failed to invoke the good cause exception when it promulgated the 1997 regulation, and failed to explain why it was impractical, unnecessary, or contrary to public interest, the court found that these procedural errors invalidated the regulation. Id.

Having determined that 28 C.F.R.§550.58 was invalid, because it had not been promulgated in compliance with the Administrative Procedure Act, the court in Bohner concluded that Program Statement 5162.04 likewise could not be used to deny the petitioner early release upon successful completion of the Drug treatment program. In deciding this issue, the court in Bohner had to reconcile "apparently conflicting precedents" from the Ninth Circuit involving this issue. Bohner, 243 F. Supp. 2nd at 1177. The court in Bohner noted that the Ninth Circuit had ruled in Grassi v. Hood, 251 F. 3rd. 1218, 1221-22 (9th Cir. 2001) that even if the 1997 interim regulation was invalid because the B.O.P. failed to comply with the notice and comment requirements of the APA, the Program Statement [5162.04], which predated the amended rule, would remain viable, because it never was rescinded, nor was it expressly superseded by the later 1997 interim regulation. However, the court in Bohner noted that the Ninth Circuit subsequently held in Gunderson v. Hood, 268 F. 3rd 1149, 1155 (9th Cir. 2001) that because Program Statement 5162.04 did no more than clarify or explain existing law, it was interpretive and thus not subject to the require-ments of the APA. Bohner, 243 F. Supp. 2d at 1178. Finally, the court in Bohner noted that the Ninth Circuit had reversed that district court's denial of another habeas petitioner's motion to amend his habeas petition to include an allegation under the Administrative Procedure Act, stating that it would not have been futile because it appeared the B.O.P. violated the APA. Grier v. Hood, 46 Fed. Appx. 433 (9th Cir. 2002). The district court in Bohner observed that "[G]rier did not, however, explain why it mattered that the regulation violated the APA given Grassi's observation that the Program Statements would survive regardless of whether the regulation complied with the APA."Bohner, 243 F. Supp. 2d at 1178.

The court in Bohner determined that it was unnecessary to harmonize the Ninth Circuit precedents because regardless of whether Grassi or Gunderson controlled, only one outcome was possible, i.e, the program statements may not be used to deny the petitioner early release. Bohner v. Daniels, 243 F. Supp. 2nd at 1179.

> "First, if Grassi is correct, the 1997 program statements would deny petitioner a sentence reduction independent of the 1997 rule. If so, the program statements should have been classified as legislative rules, and promulgated in compliance with the APA's notice and comment procedures. Because they were not, they may not be relied upon to deny petitioner early release.
>
> Alternatively, if Gunderson is correct, the 1997 program statements merely interpret the 1997 rule. It has already been determined above that the 1997 rule was invalid, so there is no rule left for the 1997 program statements to interpret."
> Bohner, 243 F. Supp. 2nd at 1179.

Based on its ruling in Bohner v. Daniels, supra, the same district court has subsequently granted habeas relief to other petitioners on the basis that Program Statement 5162.04 was invalid because it had not been promulgated in compliance with the notice and comment procedures of the Administrative Procedure Act. See Picker v. Daniels, 2004 WL 1445106 (D. Or. June 24, 2004); Bernard v. Daniels, 2004 WL 1197774 (d. Or. May 28, 2004). Furthermore, over fifty other petitioners have been granted releif on this same issue. Also, just recently Ninth Circuit Court of Appeals recently Affirmed the B.O.P.'s violation of the Administrative Procedure Act in Paulsen v. Daniels, 413 F. 3d. 999 (9th Cir. 2005). Paulsen shows that not only is C.F.R.§550.58 and P.S. 5162.04 but P.S. 5330.10 are all invalid.

Another court has previously held that the B.O.P.'s Program Statement 5162.02, the predecessor to the current P.S. 5162.04, which also indicated that certain crimes were considered "crimes of violence" if sentence enhancements were given for firearms possession, thus rendering a prisoner convicted of such a crime ineligible for the early release program, was a legislative rule that was subject to the notice and comment requirements of the APA. See Wiggins v. Wise, 951 F. Supp. 614, 619-20 (S.D. W. Va. 1996).

Petitioner Lindsey asserts the finding of the court in Bohner and various other courts in agreement is correct and requests it be adopted in this district court. "A fundamental requirement of the Administrative Procedure Act is that interested persons be given notice of proposed 'substantive' or 'legislative' regulations, and an opportunity to comment." Maximum Home Health Care, Inc. v. Shalala, 272 F. 3d 318, 321 (6th Cir. 2001). As has been clearly exposed by Bohner and those holding the same view, the B.O.P. has neglected its respons-ibility to do so.

Lindsey, whose crime of conviction involved firearms, suffered injury in fact by B.O.P.'s adoption of the interim rule which excluded prisoners whose

crime of conviction involved firearms were ineligible for early release for completing RDAP, because the B.O.P. did not comply with APA notice and comment requirements. Petitioner and other prisoners had a concrete interest in participating in rulemaking that made them ineligible for a sentence reduction.

If Program Statement 5162.04, P.S. 5330.10 chapter 6 (dated Oct. 9, 1997) or any other Program Statement denied inmates eligibility for early release independant of 28 C.F.R. §550.58, it should have been classied as a legislative rule and promulgated in compliance with the APA's notice and comment procedures. Because it was not, Program Statement 5162.04 and 5330.10 should not be relied upon to deny an inmate early release. <u>Bohner</u>, 243 F.Supp. 2d at 1179. Alternatively, if Program Statement 5162.04 or P.S. 5330.10 (chap. 6) is merely interpretive of C.F.R.§ 550.58, because this interim rule is itself invalid, there is no rule left for the program statements to interpret. Either way, the program statement cannot be used to deny petitioner early release.

Petitioner asserts regardless of the authority B.O.P. may have in its discretion to exclude an inmate from receiving the benefit of early release, it may not do so using an invalid program statement or rule. Therefore, if the B.O.P.'s rule is invalided, then the rule previously in force is reinstated and if so:

The question must be asked, 'does Lindsey's crime of conviction for 18 U.S.C. § 841 meet the criteria for "crime of violence" as defined in 18 U.S.C. §924(c)(3) used in the 1995 28 C.F.R. §550.58?'

Petitioner was not <u>convicted</u> of a "crime of violence" as defined in 18 § 16 either, the term "crime of violence" means-

    a) An offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    b) Any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. WL-Research

Petitioner was merely convicted of Possession with intent to Distribute Cocaine contrary to 18 U.S.C.§ 841(A)(1), which can in no way be construed as violent according to the legal definition and various case analysis. see <u>Kilpatrick v. Houston</u>, 36 Fed. Supp. 2d 1328

<u>Petitioner's Request For Relief</u>

    Wherefore, Petitioner Lindsey prays that this Honorable Court grant his petition for Writ of Habeas Corpus and order the following relief:

1) Disallow the B.O.P's use of an unconstitutional enhancement to withhold 3621(e) eligibility for early release of up to one year from petitioner.

2) Direct the B.O.P. to revise C.F.R. and Program Statements to cease the use enhancements found unconstitutional by <u>Booker</u>, 543 U.S. 125 S.ct. 738 (2005) to deny RDAP graduates the benefits of early release.

3) Compel the B.O.P. to cease from withholding early release from Petitioner according to its invalid program statements and C.F.R. (5162.04, 5330.10 and C.F.R. §550.58)

4) Compel the B.O.P. to reconsider according to 18 U.S.C. § 3621(e)(2)(B), looking only to his crime of conviction.

5) Retain jurisdiction over this matter to insure that Petitioner's sentence reduction is <u>promptly and appropriately reconsidered.</u>

Done this the ___10th___ day of __November__, 2005.

                                                        Respectfully submitted,

                                                        Clarence A. Lindsey
                                                      Birmingham G #24727083
                                                      Montgomery F.P.C.
                                                      Maxwell Air Force Base
                                                      Montgomery, AL 36112

## CERTIFICATE OF SERVICE

I, Clarence A. Lindsey, do hereby certify that a true and correct copy of this document, was furnished by the U.S. mail, postage prepayed to the following:

The Honorable Clerk of Court
United States District Court
Middle District of Alabama
Northern Division
Post Office Box 711
Montgomery, AL  36101

United States Attorney
Leura G. Canary
Attn. Civil Process Clerk
One Court Square
Montgomery, AL 36104

Done this the _10th_ day of _November_, 2005.

Respectfully submitted,

Clarence A. Lindsey
Birmingham G #24727083
Montgomery Fed. Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112