U.S. Department of Justice *Exhibit A*      Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Lindsey, Clarence, A**    **24727-083**    **Birm. C**    **F.P.C. Montgomery**
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

Part A—REASON FOR APPEAL  I am am being denied early release (via RDAP) because of a gun enhancement based on P.S. 5162.04 and C.F.R.§550.58 both of which are invalid. Furthermore, because P.S. 5330.10 Chapter 6 (Oct.9, 1997) also interprets the invalid C.F.R.§550.58, it to is invalid. I want the BOP to use 18 U.S.C.§3621, and not invalid Program Statements to make its decision about my eligibility, and grant me early release according to congress' statue and my conviction.

I further petition this office to take into consideration that the Warden's reliance upon Lopez v. Davis, 531 US 230 (2001) is misplaced for two reasons: 1) It did not consider an APA challenge to C.F.R.§550.58 and interpretive Program Statements (5162.04 and 5330.10) See Lopez, 531 US at 244, n.6.

2) The Supreme Court of the U.S. recently declared the enhancement provision of U.S.S.G. (18 U.S.C. §3553(b)) as an unconstitional provision of law, thus the BOP cannot rely on an enhancement imposed under a now declared unconstitutional provision of law to deny me a liberty interest. U.S. v. Booker 543 U.S. 125 S.ct. 738 (2005)

Please consider, this issue was already decided favorably on the behalf of another petitioner in the same U.S. District Court I will be filing my Petition in.

 

8/1/05                             *Clarence A. Lindsey*
DATE                                   SIGNATURE OF REQUESTER

Part B—RESPONSE

 

 

---

DATE                                                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: **376 888-A1**

Part C—RECEIPT

                                                                    CASE NUMBER: _____

Return to: _____
             LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

Administrative Remedy No. 376888-A1
Part B - Response

This is in response to your Central Office Administrative Remedy in which you appeal your ineligibility for early release consideration pursuant to 18 U.S.C. § 3621(e) because of a sentencing enhancement for possession of a firearm.

18 U.S.C. § 3621(e) provides the Director of the Bureau of Prisons (BOP) the discretion to grant a sentence reduction of not more than one year upon the successful completion of the Residential Drug Abuse Program (RDAP). Pursuant to 28 C.F.R. § 550.58 and Program Statement 5330.10, Drug Abuse Programs Manual, the Bureau is authorized to deny inmates early release eligibility if, in the Director's discretion, the current offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)." Furthermore, on January 10, 2001, in Lopez v. Davis, the United States Supreme Court upheld 28 C.F.R. § 550.58 as a permissible exercise of discretion by the Director of the BOP under 18 U.S.C. § 3621(e)(2)(B).

Bureau records reflect you were convicted of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). At sentencing, and as part of your U.S. Sentencing Guidelines sentence, the Court determined you were in possession of a weapon at the time of your offense and applied a two-point enhancement as a Specific Offense Characteristic. In accordance with Program Statement 5162.04, Categorization of Offenses, Section 7.b., the Bureau used the sentencing court's imposition of the two-point enhancement as evidence that you met this criteria. There is no entitlement to an early release but it is at the Director's discretion. Therefore, we find the decision that you are precluded from receiving a sentence reduction to be consistent with the above-referenced statute, regulation, and program statements.

The case cited in your appeal does not change the analysis of your case insofar as the sentencing court's imposition of the enhancement for your current offense has not been modified or otherwise vacated by a court with appropriate jurisdiction. Additionally, we find that the information in your Pre-Sentence Investigation Report (PSR) is sufficiently reliable to justify the decision.

Based on the above information, your appeal is denied.

_September 28, 2005_  
Date

_Harrell Watts, Administrator_  
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Lindsey, Clarence, A**          **24727-083**       **Birm.**      **Montgomery FPC**
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.         UNIT           INSTITUTION

Part A—REASON FOR APPEAL  I am being denied early release (via RDAP) because of a gun enhancement based on P.S. 5162.04 and C.F.R.§550.58 both of which are invalid. Furthermore, because P.S. 5330.10 Chapter 6 (Oct. 9, 1997) also interprets the invalid C.F.R.§550.58, it to is invalid. I want the BOP to use 18 U.S.C.§3621, and not invalid Program Statements to make its decision about my eligibility, and grant me early release according to congress statue and my crime of conviction.

I further petition this office to take into consideration that the Warden's reliance upon Lopez v. Davis, 531 US 230 (2001) is misplaced for two reasons:
   1) Lopez v. Davis, did not consider an APA challenge to C.F.R.§550.58 and interpretive Program Statements (5162.04 and 5330.10) See Lopez, 531 U.S. at 244, n. 6.
   2) The Supreme Court of the U.S. recently declared the enhancement provision of U.S.S.G. (18 U.S.C. §3553(b)) as an unconstitional provision of law, thus the BOP cannot rely on an enhancement imposed under a now declared unconstitutional provision of law to deny me a liberty interest. U.S. v. Booker 543 U.S. 125 S.ct. 738 (2005)

Please consider, this issue was already decided favorably on the behalf of another petitioner in the same U.S. District Court I will be filing my petition in.

6/2/05
DATE                                         *Clarence A. Lindsey*
                                             SIGNATURE OF REQUESTER

Part B—RESPONSE

[Stamp: RECEIVED WARDEN'S OFFICE 05 JUL 11 PM 12:04 FPC MAXWELL AFB, AL 36112]

_____                          _____
   DATE                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE              CASE NUMBER: 376882-R1

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____
                                                                              BP-230(13)

Regional Administrative Remedy Appeal No. 376888-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted June 8, 2005. You allege the Bureau of Prisons (BOP) did not take into account court precedent which you state prohibits the Bureau of Prisons from using Program Statement 5162.04, <u>Categorization of Offenses</u>, to deny you early release. As relief, you seek to have your eligibility for early release provisionally approved.

Program Statement 5162.04, <u>Categorization of Offenses</u>, states that inmates convicted of an offense listed in Section 7 may be denied certain Bureau program benefits, including early release pursuant to 18 U.S.C. § 3621(e). You were convicted of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841 (A)(1). During your sentencing, the court made a finding on whether or not your offenses warranted an enhancement. You received a Specific Offense Characteristic Enhancement for the possession of a firearm. This satisfies the standard listed in the introductory portion of Section 7.

Under the Director's discretion, the Bureau is authorized to withhold certain Bureau benefits including early release if an instant offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)." The Court's decision to issue you a two-point enhancement meets the aforementioned criteria. This enhancement has not been modified or vacated by a court who has jurisdiction over your case. Additionally, we find that the information in your Pre-Sentence Investigation report (PSI) is sufficiently reliable to justify the decision.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days from the date of this response.

_6-24-05_
Date

_[signature]_
Regional Director, SERO

*Inmate Received his copy on 7/29/05*
*C. Morris, Unit Manager*

*[Stamp: RECEIVED WARDEN'S OFFICE FPC MAXWELL AFB, AL 36112 05 JUL 11 PM 12:03]*

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Lindsey, Clarence, A__  __24727-083__  __B1rm__  __Montgomery FPC__
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

I am being denied early release (via RDAP) because of a gun enhancement based on P.S. 5162.04 and C.F.R. §550.58 both of which are invalid.

I want the BOP to use 18 U.S.C. §3621, and not invalid Program Statements to make its decision about my eligibility, and grant me early release according to congress statue and my crime of conviction.

__5/19/05__                                        __Clarence A Lindsey__
DATE                                              SIGNATURE OF REQUESTER

**Part B- RESPONSE**

 

DATE                                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                  CASE NUMBER: __376888-F1__

CASE NUMBER: __376888-F1__

**Part C- RECEIPT**
Return to: __LINDSEY, Clarence__  __24727-083__  __B'HM__  __FPC Montgomery__
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

U.S. Department of Justice  
Federal Bureau of Prisons

**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**

| From: | Lindsey, Clarence | 24727-083 | Birmingham | FPC Montgomery |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part B- RESPONSE**

Remedy ID - 376888-F1

This is in response to your Request for Administrative Remedy receipted May 20, 2005, in which you are seeking to be granted "early release according to congress statue and [your] crime of conviction."

Program Statement 5330.10, <u>Drug Abuse Programs Manual, Inmate</u>, provides in Section 6.1.1 that "... as an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release...inmates whose current offense is a felony...that involved the carrying, possession, or use of a firearm or other dangerous weapons or explosives...." In addition, Program Statement 5162.04, <u>Categorization of Offenses</u>, provides in Section 7(b) that an inmate who was convicted of a drug offense under 21 U.S.C. 841 who also receives a two-level enhancement of possession of a firearm has been convicted of an offense that will preclude 3621(e) eligibility for early release. The authority of the Bureau of Prisons to make this determination has been affirmed by the U.S. Supreme Court in <u>Lopez v. Davis.</u>

A review of your Presentence Investigation Report and Judgment in a Criminal Case confirms that you were convicted of a drug offense and that you received a two-level enhancement for possession of a firearm. Accordingly, based upon the above cited policies and Supreme Court decision, you are ineligible for 3621(e) early release. Therefore, your request for relief is denied.

In accordance with Program Statement 1330.13, <u>Administrative Remedy Program</u>, "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."

_5/25/05_  
DATE

_[signature]_  
WARDEN