IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE A. LINDSEY, )<br>)<br>Petitioner, )<br>)<br>v.   )<br>)<br>SCOTT MIDDLEBROOKS, )<br>)<br>Respondent. ) | Civil Action No.: **2:05-CV-1087-T** |

**RESPONSE TO PETITION FILED PURSUANT TO TITLE 28,
UNITED STATES CODE, SECTION 2241**

Comes now the Respondent, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to the Court's Orders, responds to the petition filed pursuant to 28 U.S.C. § 2241.

*I.   Petition*

The petitioner has filed a pro-se habeas petition pursuant to 28 U.S.C. § 2241, claiming the BOP is denying him early release pursuant to 3621(e) due to a sentencing enhancement for possession of a firearm.

As the petitioner is proceeding pro-se in this action his pleadings and motions will be held to less stringent standards than formal pleadings drafted by lawyers.  Byrd v. Stewart, 811 F.2d 554, 555 (11th Cir.1987); Fernandez v. U.S. 941 F.2d 1488, 1491 (11th Cir.1991).  The habeas corpus petition is due to be denied.

*II.   Parties*

    **A)   Petitioner**

The pro se petitioner, Clarence Lindsey, federal register number 24727-083, currently incarcerated at the Federal Prison Camp in Montgomery, Alabama, (FPC Montgomery). (**Attachment 1** - Public Information Inmate Data form). The petitioner is serving a 262 month sentence (with 5 years supervised release to follow) for Possession With Intent to Distribute Cocaine in violation of Title 21 U.S.C. § 841 (A)(1). (**Attachment 1, and Attachment 2 -** Judgment and Commitment order for Case no. CR-91-116-N-02) The petitioner has a projected release date of May 5, 2007, via good conduct time release. (**Attachment 1, at 3.**)

    **B)**    **Respondent**

The petitioner has named Scott Middlebrooks, Warden FPC Montgomery, as Respondents in this matter. The proper Respondent in federal habeas cases is the custodian of the petitioner. See 28 U.S.C. 2242; Rumsfeld v. Padilla, ___ U.S. ___, 124 S.Ct. 2711, 2717-18 (2004). The Warden is the proper respondent.

**III.**    *Subject Matter Jurisdiction*

The petitioner brings this action pursuant to 28 U.S.C. § 2241. Section 2241 provides an avenue of relief for inmates who allege violations of federal law which make the place, condition, or duration of confinement illegal through a petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). The court has subject matter jurisdiction.

**IV.**    *Venue*

Venue in a Habeas Corpus action is governed by 28 U.S.C. §2241, which states that a petition for a writ of habeas corpus shall be filed with the district court of the district in which the petitioner is detained. A writ of habeas corpus does not act upon the prisoner who seeks the relief but upon the person who holds him in what is alleged to be unlawful custody. Hajduk v. U.S., 764 F.2d 795 (11th Cir. 1985). Venue is appropriate.

V.   *Service of Process*

Service of process for a Habeas Corpus Petition is governed by 28 U.S.C. § 2243, "The Writ or Order To Show Cause shall be directed to the person having custody of the person detained." Records reflect the Warden was served on December 19. 2005.

VI.   *Complaint*

The petitioner claims that because he was convicted of a non-violent offense, the BOP abused its statutory discretion in basing their decision to exclude him from consideration for early release because of the two point enhancement he received for being in possession of a firearm. The petitioner does not challenge the enhancement itself. Instead, he makes two main arguments; 1) the policy the BOP relied on, Program Statement 5162.04, is invalid because it violates the Administrative Procedure Act (APA), thus his due process and equal protection rights are being violated, and 2) the BOP can not rely on the sentencing guidelines to deny him a year off his release based on the Supreme Court decision of U.S. v. Booker, 123 S. Ct. 738 (2005), .

*VII.*   *Facts*

    A)   **Facts Surrounding Petitioner's Incarceration**

The petitioner entered a guilty plea to the charge of Possession With Intent To Distribute Cocaine, and he was sentenced on March 24, 1992, to a term of incarceration. He received a two point enhancement (Special Offense Characteristic) for possession of a firearm pursuant to U.S.S.G § 2D1(b)(1). The enhancement was imposed in accordance with 2D1.1(b)(1) of the Sentencing Guidelines. According to the PSI, the petitioner found a hired killer for another individual and was present when the hired killer sawed off the barrel of a shotgun. Consequently, the hired killer committed a murder. Thereafter, the petitioner received a payment for the murder which he delivered to the hire killer.

The petitioner was designated to the FPC Montgomery on August 23, 2004. The records reflect the petitioner was advised and signed documents reflecting he was ineligible for early 3621(e) release because the instant offense involved a 2 point enhancement for possession of a firearm. (See **Attachment** 3 - Request For Unit Team Determination, dated February 11, 2005, Signed Residential Drug Abuse Program Notice, dated March 16, 2005, and Signed Agreement To Participate in a BOP Residential Drug Abuse Treatment Program, dated March 16, 2005.)

The petitioner has exhausted his Administrative Remedies regarding this issue. See **Attachment 4**.

    B)   **BOP Regulations and Program Statement**

Pursuant to the Violent Crime Control & Law Enforcement Act of 1994 (VCCLEA), Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance abuse addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to participate in a substance abuse or addiction program, Congress gave the BOP the discretion to reduce the sentence of an inmate by up to 12 months where the inmate was convicted of a nonviolent offense(s) and completed a residential drug treatment program during his current commitment. 18 U.S.C. § 3621(e)(2)(B).

In 1995, the BOP published a regulation, 28 C.F.R. § 550.58, to implement the early release incentive, as well as related Program Statement 5162.02, Categorization of Offenses, which identified the specific offenses that disqualified an inmate from eligibility for early release. On October 15, 1997, the BOP amended 28 C.F.R. § 550.58. See 62 Fed. Reg. 53691 (1997). The revised regulation abandoned its earlier incorporation of a "crime of violence" definition in 18 U.S.C. § 924(c)(3), and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program. 28 C.F.R. § 550.58 (a)(1)(vi)(B) indicates that inmates whose current offense was a felony which involved "the carrying, possession or use of a firearm or other dangerous weapons or explosives" are not eligible for early release under § 3621(e)(2)(B). 28 C.F.R. § 550.58 was made immediately effective although it was not published in the Federal Register until October 15, 1997. Comments on the interim rule

were due on December 15, 1997.

To implement this new rule the BOP issued Program Statement 5162.04, <u>Categorization of Offenses</u> (PS 5162.04), dated October 9, 1997. Section 2 of that statement provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified by at the discretion of the Director of the Bureau of Prisons."

According to PS 5162.04, it is within the Director's discretion to preclude an inmate from early release under 18 U.S.C. § 3621(e) if he is convicted of certain offenses, and receives an Specific Offense Characteristic (SOC) enhancement for possession of a firearm. The following example provided in the program statement is illustrative of the application of this policy:

> <u>Example</u>: Section 841 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11), the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during commission of the offense), the court would increase the defendant's base offense level by two levels. This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1., application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program

>    benefits.

PS 5162.04, section 2, page 11.

The petitioner's situation almost mirrors the example provided in the program statement. According to the PSI, the petitioner was given a two point SOC enhancement for possession of a firearm in accordance with U.S.S.G. § 2D1.1(b)(1). Two firearms were found during the search of the petitioner's residence. Therefore, the program clearly applies to the petitioner.

### VII.  *Arguments and Citations of Authority*

    **A)    The BOP Regulations Do Not Violate The APA**

The crux of the petitioner's argument is that PS 5162.04 is invalid because it violates the notice and comment provisions of the APA. He cites to many cases in support of his position, mainly Bohner v. Daniels, 243 F. Supp. 2d 1171 (D. Or. 2003). In this case, the district court held that PS 5162.04 could not be used to deny early release where the program statement was not promulgated in compliance with the notice and comment procedures of 5 U.S.C. § 553 of the APA, and the rule that the program statement purported to interpret, namely 28 C.F.R. § 550.58, was likewise invalid, because it too, had not been issued in compliance with the APA. See Bohner, 243 F. Supp. 2d at 1174-79.

However, the petitioner's reliance upon Bohner, is misplaced because it dealt with the interim rule which the court ruled had not been validly promulgated under the APA at

the time the rule was applied to the federal inmate at issue. On December 22, 2000, the BOP replaced the 1997 interim rule with a final published regulation, "Drug Abuse Treatment and Intensive Confinement Center Programs: Early Release Consideration," which adopted the interim rule without change. See 65 Fed. Reg. 80745-80749. This completed the notice and comment requirements imposed by the APA.

The final rule was applied to the petitioner, and staff determined he was not eligible for the early release benefit in March 2005; five years after the rule became final . The interim regulation which was found invalid in Bohner has thus been superseded by the final rule. See, Grassi v. Hood, 251 F.3d 1218, 1222 n.3 (9th Cir. 2001).

The other case the petitioner relies on, Pickrel v. Daniels, 2004 WL 1445106 (D. Or. June 24, 2004, unreported), is also distinct from the facts in the petitioner's case and does not apply to him. In Pickrel, the prisoner was deemed eligible for the residential substance abuse treatment in 1999, but was later denied eligibility for early release based on a sentencing enhancement for possession of a firearm. In Pickrel, the denial was based on the interim rule, which the 9th Circuit had previously determined violated the APA. This is not the issue in the petitioner's case.
The determination as to the petitioner's eligibility was based under the final rule, which courts have determined does not violate the APA.

      **B)**     **The BOP's Construction and Interpretation of the Statute is Reasonable**

Inasmuch as the petitioner's claims the BOP abused its discretion in denying him consideration for early release because the regulations and program statements upon which the BOP relied are invalid, this claim must be rejected.

Recently the Supreme Court has held that the BOP's regulations regarding early release criteria under RDAP is a permissible exercise of the BOP's discretion under § 3621(3)(2)(B). Section 3621(3)(2)(B) gives the BOP discretion to grant or deny a sentence reduction, but leaves open the manner in which the discretion is to be exercised. Lopez v. Davis, 531 U.S. 230 (2001). In Lopez, the Supreme Court considered whether the BOP could categorically deny early release to prisoners who completed the RDAP program if their current offense was a felony attended by the carrying, possession, or use of a firearm. In addressing the issue, the Supreme Court stated; "The BOP need not blind itself to pre-conviction conduct that the agency reasonably views as jeopardizing life and limb." 531 U.S. 230, at 231. "The statutes restriction of early release eligibility to non-violent offenders does not cut short the considerations that may guide the BOP in implementing § 3621(e)(2)(B). Id. at 231-232.

Likewise, in Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000) the Eleventh Circuit was confronted with a habeas corpus petition whereby an inmate alleged that the BOP impermissibly exercised its administrative discretion in determining that his offense of being a felon in possession of a firearm was a crime of violence thus, precluding him

from a one year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Id. The issue in the case was whether P. S. 5162.02 was valid. The Eleventh Circuit extensively dealt with the issue of the BOP's authority to determine what constitutes a "crime of violence," and determined the BOP's interpretation of § 3621(e)(2)(B) was reasonable.

Even if a prisoner is deemed statutorily eligible for the sentence reduction, the decision about whether to reduce his sentence remains solely within the discretion of the BOP. As 18 U.S.C. § 3621(e)(2)(B) states. And that decision is not subject to judicial review. See 18 U.S.C. 3625; Wiley 208 F.3d at 1319 (citations omitted); Ward v. Booker, 202 F.3d 1249, 1254 n. 5 (10th Cir. 2000); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998) (stating that "it is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rule making decisions"). As the Fourth Circuit explained such expansive discretion is necessary under § 3621(e)(2)(B) is necessary to permit the BOP to balance the dual objectives expressed in the statute: encouraging prisoners to complete substance abuse treatment programs and preventing the early release of potentially violent felons. See Wiley, 208 F.3d at 1319; citing Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir. 1999).

### C) The BOP can rely on U.S.S.G §§ 2D1.1(b)(1) to Deny the Petitioner One Year Off His Sentence.

The petitioner alleges the BOP can no longer rely on U.S.S.G. §§2D1.1(b)(1) to deny his one year sentence reduction under 18 U.S. 3621 because this section of the sentencing guidelines has been held unconstitutional under the Booker case. In U.S. v.

Booker, 125 S.Ct. 738 (Jan. 12, 2005), the Supreme Court ruled in pertinent part that 1) that any fact that increases the maximum sentence under the sentencing guidelines must be proven to a judge or jury beyond a reasonable doubt, or admitted by the defendant; and 2) that judges are not required to impose sentences within the sentencing guidelines range. (Citations omitted).

Although the Booker case could possibly grant the petitioner some relief there are two major problems. First, any possible relief under Booker must be considered by the sentencing court. Second, the Eleventh Circuit has already determined that, the Booker case is not retroactively applicable to cases on collateral appeal. Varela v. U.S., 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. U.S. 397 F.3d 479 (7th Cir. 2005).

### D)  Neither 18 U.S.C. § 3621(e)(2)(B) Nor The Due Process Clause Creates A Liberty Interest In Early Release

If the petitioner also alleges he has been denied due process because he has a liberty interest in early release, this argument must fail. Federal courts have consistently held that 18 U.S.C. § 3621(e) does not create a liberty interest subject to constitutional protection. See, Wiley, 208 F.3d at 1322 - 23 (holding that 18 U.S.C. § 3621(e) creates no constitutionally protected liberty interest and concluding that the BOP's refusal to consider petitioner for a sentence reduction did not violate his due process rights); Rublee v. Fleming, 160 F.3d 213, 216 (5th Cir. 1998) (finding that the BOP has discretion to deny sentence reductions even to those inmates who successfully complete a treatment program); Fristoe v. Thompson, 144 F.3d 627, 620 (9th Cir. 1998).

## VIII. *Recommendation*

For the reasons indicated above, the petition is due to be and should be dismissed.

Respectfully submitted this 28th day of December, 2005.

                LEURA G. CANARY
                United States Attorney

    By:  /s/ R. Randolph Neeley
            Assistant United States Attorney
            Bar Number: #9083-E56R
            Attorney for Defendant
            United States Attorney's Office
            Post Office Box 197
            Montgomery, AL  36101-0197
            Telephone: (334) 223-7280
            Facsimile:  (334) 223-7418
            E-mail:  rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

>Clarence A. Lindsey
>#24727-083
>Maxwell Federal Prison Camp
>Maxwell Air Force Base
>Montgomery, AL  36112

>/s/ R. Randolph Neeley
>Assistant United States Attorney