**U.S. Department of Justice**
Federal Bureau of Prisons

# Program
# Statement

**OPI:** OGC
**NUMBER:** 5162.04
**DATE:** October 9, 1997
**SUBJECT:** Categorization of
Offenses

1. <u>PURPOSE AND SCOPE</u>.  To assist in the implementation of various Federal Bureau of Prisons policies and programs.  Section 6 of this Program Statement lists offenses the Bureau categorizes as crimes of violence as that term is used in various statutes. In addition, Section 7 lists offenses that in the Director's discretion shall preclude an inmate's receiving certain Bureau program benefits.

2. <u>PROGRAM OBJECTIVE</u>. The expected result of this program is:

An inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons.

3. <u>DIRECTIVES AFFECTED</u>

   a.  <u>Directive Rescinded</u>

      OM 149-96 (5162)       Release Procedures for Inmates Eligible
                             for Sentence Reduction Under 18 U.S.C. §
                             3621(e) in the Ninth Circuit (12/24/96)

   b.  <u>Directives Referenced</u>

      PS 5110.11      Notification of Release to State and Local
                      Law Enforcement Officials (10/31/95)
      PS 5162.02      Definition of Term, Crimes of Violence
                      (7/24/95)

| PS 5322.09 | Classification and Program Review of Inmates (3/10/94) |
| PS 5330.10 | Drug Abuse Programs Manual, Inmate (5/25/95) |
| PS 5390.07 | Intensive Confinement Center Program (4/24/96) |
| PS 5800.07 | Inmate Systems Management Manual (12/24/91) |
| PS 5800.08 | Receiving and Discharge Manual (6/15/93) |
| PS 5880.28 | Sentence Computation Manual (CCCA of 1984) (2/21/92) |
| PS 5880.30 | Sentence Computation Manual (Old Law, Pre-CCCA of 1984) (7/16/93) |

4.  <u>STANDARDS REFERENCED</u>.  None.

5.  <u>APPLICATION</u>.  Criminal offenses are defined in many different titles of the United States Code including Titles 7, 16, 18, 21, 26, 29, 30, and 46.  The offenses contained in these titles that may be crimes of violence are listed in Section 6.  Section 7 lists offenses that are not categorized as crimes of violence, but would nevertheless preclude an inmate's receiving certain Bureau program benefits at the Director's discretion.

Some Bureau policies or programs require a determination that an inmate committed a crime of violence, for example, the Program Statement on Inmate Discipline and Special Housing Units.  Other policies or programs, such as early release pursuant to 18 U.S.C. § 3621(e) and placement in Intensive Confinement Centers, indicate that an inmate may be denied the benefits of such programs if he or she was convicted of an offense listed in either Section 6 or 7.  When an inmate may be denied a program benefit under either Section 6 or 7, staff must carefully explain the basis for the denial.  For example, if an inmate is convicted of an offense listed in Section 7, the inmate should be denied a program benefit because he or she committed an offense identified at the Director's discretion, rather than a crime of violence.

If a particular Code section in these titles is not listed in Section 6 or Section 7, and case management staff believe the crime might be violent, or might preclude an inmate's receiving certain Bureau program benefits, they shall contact legal staff at the institution or the Regional Counsel.  Also, if a Judgment and Commitment Order (J&C) references a United States Code section that is not found in Titles 7, 16, 18, 21, 26, 30, 42, or 49, they should contact legal staff at the institution or the

Regional Counsel to determine whether a recommendation should be made to change the policy to incorporate the offense in question.

Some of the Code sections may be listed in more than one section below; such duplication is indicated by an asterisk.  In such cases, staff are to check subsequent sections of the Program Statement to determine whether the offense is a crime of violence or an offense that would otherwise preclude an inmate's receiving certain Bureau program benefits.

6.   OFFENSES CATEGORIZED AS CRIMES OF VIOLENCE

   a.   Criminal Offenses That are Crimes of Violence in **All Cases**.
Some Bureau policies or programs require a determination that an inmate committed a crime of violence, for example, the Program Statement on Inmate Discipline and Special Housing Units.  Other policies or programs, such as early release pursuant to 18 U.S.C. § 3621(e), indicate that an inmate could be denied the benefits of such programs if he or she was convicted of an offense listed in either Section 6 or 7.

Any conviction for an offense listed below is categorized as a crime of violence.

      (1)   Title 18, United State Code Sections

      ♦  **32**        destruction of aircraft
      ♦  **34**        penalty when death results
      ♦  **35(b)**     conveying false information that harms human
                       life
      ♦  **36**        firing weapons into group of persons **(VCCLEA
                       addition)**
      ♦  **37**        violence at international airports **(VCCLEA
                       addition)**
      ♦  **43(b)**     animal enterprise terrorism causing death or
                       injury
      ♦  **81**        arson w/in maritime jurisdiction
      ♦  **111**       assaulting officers of the United States
      ♦  **112(a)**    assaulting foreign officials
      ♦  **113**       assaults w/in maritime jurisdictions
      ♦  **114**       maiming w/in maritime jurisdiction
      ♦  **115**       threatening family member of a federal
                       official

PS 5162.04
10/09/97
Page 4

- **175**         biological weapons
- **231**         civil disorders
- **245**         federally protected activities
- **247(a)(1)**   damage to religious property/obstruction of exercise of religion
- **247(a)(2)**   obstruction of persons in free exercise of religion
- **351**         assassination of cabinet and congress members
- **373**         soliciting to commit a violent act
- **753**         rescue of an inmate to prevent execution
- **842**         explosive materials
- **844**         penalties
- **871**         threats against the President
- **875(a),(b), (c)**   interstate communications
- **878**         threats against foreign officials
- **879**         threats against former presidents
- **922(a)(4), (a)(7),(a)(8), (b)(4),(b)(5), (d)(1),(d)(2), (d)(4),(d)(8), (o),(p)**   firearms violations
- **924(c)**      firearms used in violent or drug trafficking crimes
- **930(b)&(c)**  possession of firearms in federal facilities
- **970(a)**      damage of property owned by foreign governments
- **1091**        genocide
- **1111**        murder
- **1112**        manslaughter
- **1113**        attempt to commit murder or manslaughter
- **1114**        murder of officers
- **1116**        murder of foreign officials
- **1117**        (conspiracy to murder)
- **1118**        murder in correctional institution **(VCCLEA addition)**
- **1119**        foreign murder of US national **(VCCLEA addition)**
- **1120**        murder by escaped prisoner **(VCCLEA addition)**
- **1121**        murder by state or local officer **(VCCLEA addition)**
- **1201**        kidnapping

- ♦ **1203**       hostage taking
- ♦ **1204**       international parental kidnapping
- ♦ **1364**       interference by foreign commerce by violence
- ♦ **1365**       tampering with consumer products **<u>except</u>**
                 **1365(b),(c)**
- ♦ **1512(a)**  killing witness or victim
- ♦ **1513**       retaliation against witness or victim
- ♦ **1581**       peonage
- ♦ **1583**       enticement into slavery
- ♦ **1584**       sale into servitude
- ♦ **1585**       slave trading
- ♦ **1587**       possession of slaves aboard a vessel
- ♦ **1588**       transporting slaves
- ♦ **1651**       piracy
- ♦ **1652**       citizens as pirates
- ♦ **1653**       aliens as pirates
- ♦ **1655**       assault on commander as pirates
- ♦ **1659**       attack to plunder a vessel
- ♦ **1661**       robbery ashore
- ♦ **1751**       assassination of president or staff
- ♦ **1792**       mutiny or riot
- ♦ **1859**       surveys interrupted
- ♦ **1864**       hazardous devices on federal lands
- ♦ **1958**       use of interstate commerce in murder for hire
- ♦ **1959**       violent crimes aiding racketeering
- ♦ **1991**       entering train to commit crime
- ♦ **1992**       wrecking trains
- ♦ **2101**       riots
- ♦ **2111**       special maritime jurisdiction
- ♦ **2113(d),(e)** bank robbery and incidental crimes
- ♦ **2114**       assault of person carrying mail
- ♦ **2115**       breaking into post office
- ♦ **2118(a),(b),**
    **(c)**          robberies and burglaries involving controlled
                 substances
- ♦ **2119**       crimes involving motor vehicles
- ♦ **2191**       cruelty to seamen
- ♦ **2231(b)**  assault or resistance
- ♦ **2232(a)**  destruction of property to prevent seizure
- ♦ **2233**       rescue of seized property
- ♦ **2241**       aggravated sexual abuse
- ♦ **2242**       sexual abuse
- ♦ **2244(a)**  abusive sexual contact

PS 5162.04
10/09/97
Page 6

- ◆ **2245**          sexual abuse resulting in death **(VCCLEA addition)**
- ◆ **2261**          interstate domestic violence **(VCCLEA addition)**
- ◆ **2275**          firing or tampering with vessels
- ◆ **2276**          breaking and entering vessels
- ◆ **2280**          violence against maritime navigation **(VCCLEA addition)**
- ◆ **2281(NOT(A))** violence against fixed platforms **(VCCLEA addition)**
- ◆ **2332**          penalties for homicide
- ◆ **2332a**         use of weapons of mass destruction **(VCCLEA addition)**
- ◆ **2340A**         torture
- ◆ **2383**          rebellion or insurrection
- ◆ **2384**          sedition conspiracy
- ◆ **2385**          advocating the overthrow of the government
- ◆ **2389**          recruiting for service against U.S.
- ◆ **2390**          enlistment to serve against U.S.
- ◆ **2421**          transportation for illegal sexual activity
- ◆ **2422**          coercion into interstate travel for illegal sexual activity
- ◆ **2423**          transportation of minors for illegal sexual activity

(2)   Title 21 United States Code Sections

- ◆ **841(e)** boobytraps on federal property
- ◆ **848(e)** death penalty for criminal offenses
- ◆ **858**          endangering human life while manufacturing controlled substances

(3)   Title 26 United States Code Sections

- ◆ **5861(a) thru (l)** firearms

(4)   Title 42 United States Code Sections

- ◆ **2000(e)(13)** killing of officer while enforcing Equal Employment Act
- ◆ **2283(a)** protection of nuclear inspectors
- ◆ **2284(a)** sabotage of nuclear facilities
- ◆ **3631** interference with housing

PS 5162.04
10/09/97
Page 7

(5)   Title 49 United States Code Sections

- ♦   **46502**      aircraft piracy
- ♦   **46504**      interference with flight crew members
- ♦   **46505(c)**   carrying a weapon on an aircraft
- ♦   **46507**      false information and threats

b.   * Title 18, United States Code Section 2113(a).  Title 18, United States Code Section 2113(a) provides in part:

> **"Whoever, by force and violence, or by intimidation, takes or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . . shall be fined under this title or imprisoned not more than twenty years, or both."**

This statute covers various offenses, including not only bank robbery but also embezzling bank funds, stealing bank property, and bank larceny.

With regard to the specific crime of bank robbery, the offense shall be considered a crime of violence, since the offense involves an explicit or implicit threat of force and thus has as an element the threatened use of physical force against the person or property of another.  For offenses pursuant to § 2113(a) other than bank robbery, see Section 7.e. below.

c.   Conspiracy, Attempt, and Similar Offenses Which Involve an Underlying Offense.  The statutes listed in this section cover conspiracy offenses (see, e.g., 18 U.S.C. § 371) when an individual has planned with others to commit a particular crime. Other listed statutes cover attempted offenses, i.e. when an individual tried but did not succeed in committing the crime.  In reviewing these types of offenses, it is necessary to examine the "underlying offense" (what the defendant was conspiring to do or attempting to do).  If the underlying offense is categorized as violent pursuant to Section 6.a. of this Program Statement, e.g., murder, then the attempt or the conspiracy offense is also

violent. The underlying offense will be included in the PSI and
may be noted on the J&C.

   Other statutes listed in this section do not criminalize
behavior but set out penalties that result from violating other
statutes.

> Example:  18 U.S.C. § 924(a)(1)(B) provides that whoever
> **"knowingly violates subsection (a)(4),(f),(k),(r),(v),
> or (w) of section 922 . . . shall be fined under this
> title, imprisoned not more than five years, or both."**
>
> The J&C may indicate the sentence was imposed pursuant to
> the penalty provisions of § 924(a)(1)(B) without indicating
> the conviction for the underlying offense.  The PSI,
> however, notes the underlying conviction, "Transporting a
> Destructive Device in Interstate Commerce" [18 U.S.C.
> § 922(a)(4)].  In order to determine whether the offender's
> current offense is violent, staff should assess whether the
> underlying offense is violent in accordance with Section
> 6.a. of this Program Statement; if the underlying offense is
> violent, then the offender should be deemed violent.

   The following offenses **may** be violent depending on the
underlying offense.

> Title 18, United States Code Sections

> - **\*241**      conspiracy to deprive civil rights **(if
>                  conspiracy)**
> - **\*371**      conspiracy to commit offense/fraud against
>                  U.S.
> - **\*372**      conspiracy to impede or inure officer
> - **\*924**      penalties for firearms violations
> - **\*1962**     racketeering
> - **\*2118(d)**  robberies involving controlled substances

7.  OFFENSES THAT AT THE DIRECTOR'S DISCRETION SHALL PRECLUDE AN
INMATE'S RECEIVING CERTAIN BUREAU PROGRAM BENEFITS.  For certain
Bureau programs, such as early release pursuant to 18 U.S.C.
§ 3621(e) and placement in Intensive Confinement Centers, an
inmate may be denied program benefits if he or she was convicted
of an offense listed in either this section or Section 6.  If an

PS 5162.04
10/09/97
Page 9

inmate is denied the benefit of such a program, staff must
carefully describe the basis for the denial.  For example, if an
inmate is convicted of an offense listed in this section, the
inmate shall be denied a program benefit because he or she
committed an offense identified at the Director's discretion,
rather than a crime of violence.

As an exercise of the discretion vested in the Director, an
inmate serving a sentence for an offense that falls under the
provisions described below shall be precluded from receiving
certain Bureau program benefits.

Inmates whose current offense is a felony that:

- has as an element, the actual, attempted, or threatened use
  of physical force against the person or property of another,
  or

- involved the carrying, possession, or use of a firearm or
  other dangerous weapon or explosives (including any
  explosive material or explosive device), or

- by its nature or conduct, presents a serious potential risk
  of physical force against the person or property of another,
  or

- by its nature or conduct involves sexual abuse offenses
  committed upon children.

Thus, for an inmate to receive Bureau program benefits such as
those mentioned above, he or she must not be convicted of an
offense listed in this section or in Section 6.

   a.  <u>Criminal Offenses with an Enhanced Base Offense Level</u>.
Convictions for an offense listed below may or may not satisfy
the standard listed in the introductory portion of Section 7.

   At the time of sentencing, the court makes a finding of whether
an offense listed below involved the use of force, and this
finding is reflected in the PSI section entitled "Offense
Computation," subsection entitled "Base Offense Level."  This
subsection references a particular U.S. Sentencing Guideline

provision that distinguishes between violations of the particular criminal code section that are committed with and without force.

      <u>Example</u>:  Title 18 United States Code Section 241, Conspiracy Against Rights provides:

          **"If two or more persons conspire to injure, oppress, threaten or intimidate any person . . . in the free exercise or enjoyment of any right or privilege. . . ."**

This crime may or may not be committed through the use of force or threatened use of force, since one can be oppressed through means other than force.  Pursuant to U.S. Sentencing Guideline Section 2H2.1:

- if the crime involved obstructing an election or registration, and the obstruction occurred using force or threat of force against persons or property, the base offense level is 18, or

- if the obstruction occurred without the use or threatened use of force, such as forgery, fraud, theft, deceit, etc., the base offense level is 12.

  If an offender was convicted of an offense listed below, case management staff must examine the base offense level to determine whether the offense would preclude the inmate from receiving certain Bureau program benefits.  If the PSI does not include an explanation as to the reason for assigning a particular base offense level, case management staff may need to examine the particular Sentencing Guideline referenced.

  Some of the offenses listed below may correspond to more than one Sentencing Guideline, only one of which includes a base level adjustment for the use or threatened use of force.  Accordingly, it is possible that an examination of the Offense Computation section of the PSI may reveal no mention of the use or threatened use of force.  When the PSI fails to explain the reason for assigning a particular base offense level, case management staff must examine the particular Sentencing Guideline referenced to determine whether the court found that the use of force was implicated in the offense.

PS 5162.04
10/09/97
Page 11

Case management staff may contact institution legal staff or Regional Counsel if they have questions regarding this section. A list of offenses for which the Sentencing Guidelines base offense level is affected by the use or threatened use of force follows.  At the Director's discretion, inmates with such an offense shall be precluded from receiving certain Bureau program benefits.

### Title 18, United States Code Sections

- ♦ **33**       destruction of motor vehicles or facilities
- ♦ **241**      conspiracy against rights **(for other than conspiracy)**
- ♦ **242**      deprivation of rights under color of law
- ♦ **592**      putting troops at polls
- ♦ **593**      interference by armed forces
- ♦ **1791**     possessing contraband in prison
- ♦ **1952**     transporting items in aid of racketeering
- ♦ **\*2116**    railway or steamboat post office
- ♦ **2231(a)**   assault on persons executing search warrant
- ♦ **2381**     treason

b.  <u>Criminal Offenses with a Specific Offense Characteristic Enhancement</u>.  Convictions for an offense listed below, like those listed in Section 7.a., may or may not satisfy the standard listed in the introductory portion of Section 7.

At the time of sentencing, the court makes a finding of whether the offense involved the use or threatened use of force, and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled "Specific Offense Characteristics."  This subsection references a particular U.S. Sentencing Guideline that provides for an increase in the Total Offense Level if the criminal violation was committed with force.

    <u>Example</u>:  Section 841 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs.  Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11), the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during commission of the offense), the court would increase the defendant's base

PS 5162.04
10/09/97
Page 12

offense level by two levels.  This particular "Specific
Offense Characteristic" (possession of a dangerous weapon
during the commission of a drug offense) poses a serious
potential risk that force may be used against persons or
property.  Specifically, as noted in the U.S. Sentencing
Guidelines § 2D1.1., application note 3, the enhancement for
weapon possession reflects the increased danger of violence
when drug traffickers possess weapons.  Accordingly, an
inmate who was convicted of manufacturing drugs, (21 U.S.C.
§ 841) and received a two-level enhancement for possession
of a firearm has been convicted of an offense that will
preclude the inmate from receiving certain Bureau program
benefits.

   In some cases, an inmate may be convicted of an offense listed
in this section as well as 18 U.S.C. § 924(c)(1), use of a
firearm during a crime of violence or drug trafficking crime.
According to the U.S. Sentencing Guidelines, if a defendant
receives a § 924(c)(1) conviction, the court may not assess a
two-level "Specific Offense Characteristic" enhancement for
possession of a firearm; however, in light of the Supreme Court
ruling in *Bailey v. U.S.*, 116 S.Ct. 501 (1995), a number of
§ 924(c)(1) convictions have been vacated.  In *Bailey*, the Court
held that the term "use" connotes an active employment of the
firearm.  If any of the offenses listed in this section were
accompanied by a § 924(c)(1) conviction that was subsequently
vacated due to the *Bailey* decision, staff shall presume that the
inmate would have received a two-level "Specific Offense
Characteristic" enhancement for possession of a firearm unless
there is a specific court order to the contrary.  Thus, absent a
court order specifically denying the application of a two point
enhancement for possession of a firearm, the inmate will not
receive certain Bureau program benefits.

   Some of the offenses listed below may correspond to more than
one Sentencing Guideline, only one of which includes a Specific
Offense Characteristic for the use of force.  Alternatively, the
PSI may fail to adequately describe the Specific Offense
Characteristic that underlies the increase in offense level. In
either case, it is possible that an examination of the Offense
Computation section of the PSI reveals no mention of the use of
force.  If this occurs, case management staff must examine the
particular Sentencing Guideline referenced to determine whether

the court found that the use of force was implicated in the offense.

> Example:  The PSI in the above scenario may state "SOC (specific offense characteristic) 2F1.1(4) increase 2 levels." If the Report does not further state "since the offense involved the conscious or reckless risk of serious bodily injury, increase by two levels pursuant to 2F1.1(4)," the case management staff may have to examine Guideline 2F1.1(4) to determine that the only basis for this particular increase is a finding that the offense included the risk of bodily injury.

Case management staff may contact institution legal staff or Regional Counsel if they have questions regarding this section. Below is a list of offenses for which there could be a Specific Offense Characteristic enhancement for the use of force:

   (1)   <u>Title 16, United States Code Sections</u>

- **773e(a)(2), (3),(4),(6)** violation of Northern Pacific Halibut Act
- **773g** violation of Northern Pacific Halibut Act
- **1857(a)(D), (E),(F),(H)** violation of National Fishery Management Program
- **1859** violation of National Fishery Management Program
- **2435(4),(5), (6),(7)** violation of Antarctic Marine Living Resources Convention
- **2438** violation of Antarctic Marine Living Resources Convention
- **3606** violation of North Atlantic Salmon Fishing
- **3637(a)(2), (3),(4),(6), (c)** violation of Pacific Salmon Fishing
- **5009(5),(6), (7),(8)** violation of North Pacific Anadromous Stock Convention
- **5010(b)** violation of North Pacific Anadromous Stock Convention

PS 5162.04
10/09/97
Page 14

(2)  <u>Title 18, United States Code Sections</u>

- ♦ **755**       officer permitting escape
- ♦ **757**       procures escape for prisoner of war
- ♦ **874**       kickbacks from public works employees
- ♦ **894**       extending credit through extortionate means
- ♦ **1163**      embezzlement/theft from Indian organizations
- ♦ **1503**      influencing or injuring officer or juror
- ♦ **1505**      obstruction of proceedings before departments or agencies
- ♦ **1511**      obstruction of state or local law enforcement
- ♦ **1516**      obstruction of a federal audit
- ♦ **1517**      obstructing financial examination
- ♦ **1951**      interference with commerce by threats/violence
- ♦ **2112**      robbery of personal property of United States
- ♦ **\*2116**     breaking into a mail car

(3)  <u>Title 21, United States Code Sections</u>

- ♦ **841(NOT(e)),** controlled substance violation
- ♦ **\*846**      attempt and conspiracy

(4)  <u>Title 26, United States Code Sections</u>

- ♦ **7212**      attempt to interfere with revenue laws
- ♦ **7214**      unlawful acts by employees of the IRS

(5)  <u>Title 30, United States Code Sections</u>

- ♦ **1461(a)(3), (4),(5),(7)** resisting officers for violations under Deep Seabed Mineral Resources Act
- ♦ **1463**      violations of Deep Seabed Mineral Resources Act

(6)  <u>Title 33, United States Code Section</u>

- ♦ **1232(b)(2)** ports and waterways safety enforcement provisions

PS 5162.04
10/09/97
Page 15

(7)  <u>Title 40, United States Code Section</u>

♦  **193f(a)**    security of Capitol grounds and buildings

(8)  <u>Title 42, United States Code Sections</u>

♦  **1973aa**       application of prohibition to other States
♦  **1973aa-1**     residence requirements for voting
♦  **1973aa-1a**    bilingual election requirements
♦  **1973aa-3**     penalty
♦  **1973bb**       enforcement of twenty-sixth amendment
♦  **1973gg-10**    criminal penalties
♦  **2283(b)**      protection of nuclear inspectors
♦  **19151(2),
    (3),(4),(5)**   violation of Ocean Thermal Energy Conversion
                   Act
♦  **9152(d)**      violation of Ocean Thermal Energy Conversion
                   Act

(9)  <u>Title 46, United States Code Section</u>

♦  **1903**    Manufacture, Distribution, or possession with
              intent to manufacture controlled substances

(10)  <u>Title 49, United States Code Section</u>

♦  **46505(b)**    carrying a weapon on an aircraft

  c.  <u>Criminal Offenses That **May** Preclude an Inmate's Receiving
Certain Bureau Program Benefits</u>.  In addition to Sections 7.a.
and 7.b. above, an inmate may be precluded from receiving certain
Bureau program benefits based on an offense listed in this
section. For the offenses listed below, the Sentencing Guidelines
may provide little insight into the court's findings.
Accordingly, rather than simply examining the base offense level
or the specific offense characteristics, case managers must
carefully examine the entire Offense Computation section of the
PSI and, if necessary, the Offense Conduct section to determine
if the offense would preclude an inmate's receiving certain
Bureau program benefits based on whether the offense satisfies
the standard listed in the introductory portion of Section 7.

PS 5162.04
10/09/97
Page 16

The following offenses **may** preclude an inmate's receiving certain Bureau program benefits based on a variety of factors.

(1)  <u>Title 7, United States Code Section</u>

♦ **473c-1**      offenses in relation to sampling of cotton

(2)  <u>Title 16, United States Code Sections</u>

♦ **5106(e)(5), (6),(7),(9), (f)(2)**  violation of Atlantic Coast Fisheries Cooperative Management

(3)  <u>Title 18, United States Code Sections</u>

♦ **700**      desecration of the flag of the United States
♦ **751**      escape from federal prison
♦ **752**      instigating/assisting escape from federal prison
♦ **831**      prohibited acts involving nuclear materials
♦ **876**      mailing threatening communications
♦ **877**      mailing threatening communications from foreign country
♦ **1153**     offenses within Indian Country
♦ **1512(b)**  tampering with a witness/victim/informant
♦ **1708**     theft or receipt of stolen mail
♦ **1792**     mutiny and riot in prison
♦ **1956**     money laundering
♦ **2117**     breaking into carrier facilities
♦ **2152**     destruction of submarine and torpedo works
♦ **2153**     destruction of war materials
♦ **2154**     production of defective war material
♦ **2155**     destruction of national defense materials
♦ **2156**     production of defective national defense material
♦ **2192**     incitation of seamen to revolt
♦ **2193**     mutiny
♦ **2247**     repeat offenders
♦ **2387**     activities involving armed forces

(4)  <u>Title 40, United States Code Sections</u>

♦ **193f(a),(b)** security of Capitol grounds and buildings

   d.  <u>Conspiracy, Attempt, and Other Offenses Which Involve an Underlying Offense</u>.  Some of the statutes listed in this section cover conspiracy offenses (see, e.g., 21 U.S.C. § 846) when an individual has planned with others to commit a particular crime. Other listed statutes cover attempted offenses (see, e.g., 21 U.S.C. §§ 846 and 963) when an individual tried but did not succeed in committing the crime.  In reviewing these types of offenses, it is necessary to examine the "underlying offense" (what the defendant was conspiring to do or attempting to do). If the underlying offense would preclude the inmate from receiving certain Bureau program benefits based on any of the other portions of Section 7 of this policy, the conspiracy or the attempt offense shall also preclude the inmate from receiving the same benefits.  The underlying offense will be included in the PSI and may be noted on the J&C.

    <u>Example</u>:  The Judgment and Commitment Order may indicate a conviction for "Attempt and Conspiracy" (21 U.S.C. § 846). The accompanying Presentence Investigation Report will reference the underlying crime, in many cases it will be "Possession with Intent to Distribute a Controlled Substance" (21 U.S.C. § 841).  Staff should then review the underlying offense (in this case possession of controlled substance) to determine whether it satisfies the standard listed in the introductory portion of Section 7.  As noted in the example in section b above, if the PSI indicates that the defendant received a 2 level increase for possessing a dangerous weapon, then the offense should preclude the inmate from receiving certain Bureau program benefits; if no such enhancement was given, the offense should not preclude the inmate from receiving such benefits.

    <u>    (1)  Title 18, United States Code Sections</u>

| | | |
|---|---|---|
| ♦ **\*241** | conspiracy to deprive civil rights **(if conspiracy)** |
| ♦ **\*371** | conspiracy to commit offense/fraud against U.S. |
| ♦ **\*372** | conspiracy to impede or inure officer |
| ♦ **\*924** | penalties for firearms violations |

&#9830; **\*1962**  racketeering
&#9830; **\*2118(d)** robberies involving controlled substances

(2) <u>Title 21, United States Code Sections</u>

&#9830; **\*846**  attempt and conspiracy
&#9830; **848**   controlled substances violations as criminal
      enterprise
&#9830; **963**   conspiracy or attempt to violate controlled
      substance laws

e. <u>Special Circumstances</u>

&#9830; <u>Title 18, United States Code § 922(g)</u>.  All offenses
under 18 U.S.C. § 922(g) shall preclude an inmate from receiving
certain Bureau program benefits.

&#9830; *<u>Title 18, United States Code § 2113(a)</u>.  Excluding bank
robbery (see Section 6.b. above), other offenses covered by 18
U.S.C. § 2113(a), (e.g., bank larceny, etc.), shall be reviewed
similarly to offenses in Section 7.b.  Defendants may receive a
Specific Offense Characteristic enhancement that will result in
an increase in the base offense level.  Such enhancements provide
for an increase in the defendant's base offense level if:

  &#9642; a firearm was discharged,
  &#9642; a firearm or other dangerous weapon was
    brandished, displayed, possessed or used, or
  &#9642; an express or implied threat of death was made
    (U.S.S.G. 2B3.2(b), Application Notes 2 and 6).

If a defendant received such an enhancement (or one of the
other enhancements involving the use or threatened use of force),
the offense shall preclude the inmate's receiving certain Bureau
program benefits.

&#9830; <u>Title 18, United States Code § 2243</u>.  A conviction for
sexual abuse of a minor or ward shall preclude an inmate from
receiving certain Bureau program benefits.

PS 5162.04
10/09/97
Page 19

8.  <u>OFFENSES COMMITTED BEFORE NOVEMBER 1, 1987</u>.  The Sentencing
Guidelines are generally not applicable for offenses committed
before November 1, 1987.  Accordingly, for offenses identified in
Section 7 or offenses similar to those listed in Section 7 of
this Program Statement that were committed before this date, case
managers must make a determination, based on the narrative
description of the crime contained in the PSI, whether the
offense involved:

- the use, attempted use, or threatened use of force;
- the use, carrying, or possession of a dangerous weapon;
- a serious potential risk that force might be used against
  the person or property of another; or
- sexual abuse committed upon children.

Offenses listed in Section 6, Crimes of Violence, or offenses
similar to those listed in Section 6, which were committed before
November 1, 1987, shall be treated in the same manner as "new
law" offenses.

9.  <u>CRIMES CODIFIED PURSUANT TO THE VIOLENT CRIME CONTROL AND LAW
ENFORCEMENT ACT OF 1994</u>.  The VCCLEA created a number of new
Federal criminal offenses and enhanced penalties for several
existing offenses.  Some of the new offenses are included in the
above lists, but the lists will be revised as needed after the
U.S. Sentencing Commission drafts new guidelines.  These lists
will also be updated periodically to reflect statutory changes or
at the Director's discretion.


                                        /s/
                              Kathleen M. Hawk
                              Director