UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JAN 19

Clarence A. Lindsey    )
    Petitioner,   )
                 )
v.                    )    Civil Action #: 2:05-CV-1087-T
                 )
Scott Middlebrooks,   )
    Respondent,   )

### RESPONSE TO RESPONDENT'S MOTION TO DISMISS

    Comes now the Petitioner, Clarence A. Lindsey, with response to Warden Middlebrooks motion to deny relief.

#### Respondent has Stated and Used Erroneous Facts

    On page four of Warden Middlebrooks response, the respondent states, "According to the PSI, the petitioner _found_ a hired killer for another individual..." To say that the petitioner found a hired killer for another individual is to read into the PSI something that is not there. The petitioner pled guilty to Accessory After the Fact (a misdemeanor) because after the homocide occurred, at the request of the one who hired the gunman (Mr. Boone), he received money from Mr. Boone and payed the gunman for what he was supposed to have done. The petitioner was used as a pawn and committed this misdemeanor under duress, as court documents show. Furthermore, the petitioner had no knowledge of Mr. Boone hiring the gunman, any plan decided, the homocide, or payment decided until after the homocide took place.

    Respondent further uses erroneous facts on page seven. On page seven, it is mentioned, "Two firearms were found during a search of petitioner's residence." This statement is clearly without any whim of truth. There was never any statement within the PSI or any other records suggesting any firearms were found at the Petitioner's residence, and in fact, the petitioner's residence was never searched.

    The respondent provides an affidavit in support of these erroneous conclusions which is unsigned and without contraversy unreliable.

#### Importance of Refuting Erroneous Statements Is Important

    Refuting the erroneous statements of the respondent is very important because the respondent has based the denial of §3621 early release benefits upon the standard set forth in CFR 550.58(a)(1)(vi)(B) which indicates that inmates whose current offense was a felony which involved "the carrying,

possession, or use of a firearm or other dangerous weapons or explosives" are not eligible for early release under §3621(e)(2)(B). This standard cannot be met without the use of these erroneous facts or the use of the now rendered unconstitutional provision of law 18 U.S.C. §3553(b)(i)-(including the two-point enhancement for possession of a firearm) within the United States Sentencing Guidelines.

It is clear that the respondent is seeking to manipulate the court with erroneous facts and sway its opinion adversely toward the petitioner.

Question of Law

Does the B.O.P. have the right to deny benefits of a federally funded government program to petitioner for arbitrary and capricious reasons (that of an unconstitutionally founded Special Offense Characteristic [two-point enhancement] which is now rendered an unconstitutional provision of Law)

Use of Unconstitutional enhancement amounts to abuse of discretion and prejudice

The B.O.P. via Warden Middlebrooks, the respondent, has based its denial of early release benefits to the petitioner solely upon the basis of a two-point enhancement, a provision of law now rendered unconstitutional. No place within the PSI or any other relevant source can the respondent find information that suggests the petitioner carrying, possessing, or using a firearm outside the use of the two-point enhancement. This fact of the BOP's inability to attribute to the petitioner the carrying, possessing, or using of a firearm is relevant and must be stressed because the standard established in the program statement and C.F.R.'s to deny early release benefits cannot be met without using the two-point sentencing enhancement which was found using an unconstitutional standard and the provision of law itself was rendered unconstitutional in Booker.

The B.O.P. has limited its discretion by established CFR 550.58 which holds the weight of Law. If this unconstitutional 2-point enhancement were not permitted to be used the petitioner would be granted early release according to C.F.R. 550.58(3) "An inmate who has successfully completed a Bureau of Prisons residential drug abuse treatment program on or after October 1, 1989 is otherwise eligible if:" Therefore, there does exist a due process violation and a liberty interest.

The B.O.P.'s reliance on this two-point sentencing enhancement amounts to abuse of discretion and prejudice. In essence the BOP has approved of the the use of information that is not factual, was found without a constitutional standard being met, and has now been rendered an unconstitutional provision of law to deny program benefits.

The use of this information amounts to prejudice against the petitioner, who in essence is being denied for arbitrary and capricious reasons, the benefit of a federally funded program in violation of 42 USCS §2000.

<u>B.O.P.'s C.F.R. and Program Statements are Invalid</u>

<u>Regardless of the Dec. 22, 2000</u> final published regulation petitioner has petitioned this court to decide whether or not the 1997 C.F.R. 550.58 is invalid. According to C.F.R. and Program Statements that are published and available to the petitioner, he is held by the invalid 1997 rule and Program Statement. According to the Code of Federal Regulations manuel 28(judicial Administration) there is no 2000 final rule listed. Furthermore, Program statement 5162.04 which interprets the C.F.R. is interpreting the 1997 rule. By law, an agency cannot hold an individual to a rule or standard that has not been made available in the Form of C.F.R. and program Statement.

If there was a Dec. 22, 2000 final rule published in the Code of Federal regulations or interpreted in the program statements the petitioner would not have declared this issue. However, it is clear the petitioner is being denied the benefits of early release based on what is printed in the C.F.R. manuel and made available in interpretive Program Statements designed to interpret the 1997 rule. The B.O.P. may have registered the 2000 final rule in the Federal Register however, it is not made available to the people it supposidely holds.

For this reason, petitioner requests this court to rule on the validity of the 1997 C.F.R.

## CERTIFICATE OF SERVICE

I, Clarence A. Lindsey, do hereby certify that a true and correct copy of this document, was furnished by the U.S. mail, postage prepayed to the following:

The Honorable Clerk of Court
United States District Court
Middle District of Alabama
Northern Division
Post Office Box 711
Montgomery, AL   36101

United States Attorney
~~Leura G. Canary~~
Attn. Civil Process Clerk
One Court Square
Montgomery, AL 36104 - 0197

Done this the __17__ day of __Jan__, 2006.

Respectfully submitted,

_Clarence Lindsey_
Clarence A. Lindsey
Birmingham G #24727083
Montgomery Fed. Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112

Affidavit of Clarence Lindsey

I do hereby swear that I placed this Response Motion in U.S. Mail on 1/17/06

Clarence A. Lindsey