IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLARENCE A. LINDSEY, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:05cv1087-MHT |
| | ) | (WO) |
| | ) | |
| SCOTT MIDDLEBROOKS, | ) | |
| WARDEN, | ) | |
| | ) | |
|     Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed on November 10, 2005, by Clarence A. Lindsey ("Lindsey"), a federal inmate formerly incarcerated at the Maxwell Federal Prison Camp. In his petition (Doc. No. 1), Lindsey argues that the Bureau of Prisons ("BOP") violated the Administrative Procedure Act ("APA") and his rights to due process and equal protection by excluding him from eligibility for early release upon completion of the Residential Drug Abuse Program ("RDAP") because he possessed a firearm during the commission of his offense.[1] He seeks an order compelling

---

[1] Section 3621(e)(2)(B) of Title 18 grants the BOP discretion to reduce by up to one year the sentence of a prisoner who successfully completes the RDAP, but makes that reduction available only to a prisoner convicted of a nonviolent offense. Based on Lindsey's possession of a firearm in the commission of his offense (cocaine distribution) – for which he received a two-point enhancement in his offense level – the BOP deemed him to be ineligible for early release upon completion of the RDAP. The ultimate decision as to whether an inmate will be accepted into the RDAP and granted early release upon his successful completion of that program rests with the BOP. *See* 18 U.S.C. § 3621(e)(2)(B); *Lopez v. Davis*, 531 U.S. 230 (2001) (BOP has discretion under statutes to promulgate regulation categorically denying early release to prisoners whose felonies involve the use of a firearm).

the BOP to reconsider its decision denying him early release. However, on May 4, 2007, Lindsey completed the service of his sentence and he was released from the custody of the BOP.[2]

## DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this, where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *See National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions that are hypothetical in nature or that do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore, "[t]his case-or-controversy requirement subsists through all stages of

---

[2]*See* the BOP's website, http://www.bop.gov/ , indicating May 4, 2007, release date for Clarence Alfred Lindsey, Register Number 24727-083.

federal judicial proceedings, trial and appellate.... [I]t is not enough that a dispute was very much alive when the suit was filed." *Id.*

In *Saladin v. Milledgeville*, 812 F.2d 687 (11th Cir. 1987), the court stated:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

812 F.2d at 693 (citations omitted).

Lindsey's objective in filing his habeas petition was to obtain an early release from his prison term. However, because his sentence has expired and he has been released from custody, there is no longer a case or controversy to litigate through his habeas petition. *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (citing Graham).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant 28 U.S.C. § 2241 petition for habeas corpus relief be dismissed as moot since a more favorable decision on the merits would not entitle Lindsey to any additional relief.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before January 22, 2008. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 7th day of January, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE